UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TREVOR ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:20-159-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| DR. T. ADAMS, ET AL., | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| Defendants. | ) | **&** |
| | ) | **ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Trevor Anderson was previously incarcerated at the Federal Medical Center (FMC) in Lexington, Kentucky. Proceeding without a lawyer, Anderson filed a complaint with this Court alleging that he received legally inadequate medical care at FMC - Lexington. [*See* R. 1.] As a result, Anderson is pursuing a Federal Tort Claims Act (FTCA) claim against the United States of America, as well as related state law tort claims against Dr. Adams and Nurse Young, two medical professionals at the prison. [*See id.*]

The Court then conducted an initial screening of Anderson's complaint and permitted him to proceed on his claims. [R. 7.] Since the Court previously granted Anderson pauper status, it directed the Clerk's Office and the United States Marshals Service to serve each of the defendants with a summons and copy of the complaint on Anderson's behalf. [*See id.*]

In response to Anderson's complaint, the United States filed two dispositive motions. First, the United States filed a motion to dismiss Anderson's FTCA claim, arguing that the claim was untimely. [R. 15.] Second, the United States filed a motion asking to be substituted as a defendant in place of Dr. Adams and Nurse Young, pursuant to 28 U.S.C. § 2679. [R. 22.] Anderson filed a response in opposition to the United States' first motion, but he indicated that

he did not oppose the substitution request. [Rs. 26, 27.] The United States then filed two reply briefs in support of its motions. [Rs. 28, 29.]

As an initial matter, the Court will grant the United States' substitution motion. After all, § 2679(d)(1) makes it clear that, "[u]pon certification by the Attorney General that [a] defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." Here, the United States has submitted the requisite certification [R. 22-1], and Anderson does not oppose the Government's request [R. 26.] Therefore, the Court will direct the Clerk's Office to dismiss Dr. Adams and Nurse Young as defendants from this action and substitute the United States as a defendant in their place.

That said, this leaves only Anderson's FTCA claim against the United States, and the Court will dismiss that claim. That is because it is simply time barred. As the United States establishes in its motion, the Bureau of Prisons (BOP) denied Anderson's administrative tort claim in writing via a letter dated and received on July 2, 2019. [*See* Rs. 11-2, 11-3, and 28-1.] Under the law, Anderson had no later than six months from that date to file his lawsuit in federal court. *See* 28 U.S.C. § 2401(b); *Ellison v. United States*, 531 F.3d 359, 361-62 (6th Cir. 2008). In other words, Anderson had until January 2, 2020 to file his lawsuit. However, Anderson did not file this specific action until April of 2020. [*See* R. 1.] Thus, Anderson's FTCA claim is untimely. *See Ellison*, 531 F.3d at 361; *Thompson v. United States*, 8 F. App'x 547, 548 (6th Cir. 2001) (holding that the FTCA barred a lawsuit filed more than six months after the agency rejected the claim).

To be sure, the Court recognizes that Anderson previously filed two other lawsuits with this Court regarding this very same matter. In Anderson's first action, his complaint was dated

January 1, 2020, and, thus, it appears that it may have been filed within the six-month deadline. *See Anderson v. Federal Bureau of Prisons*, No. 5:20-cv-005-HRW, at R. 1 (E.D. Ky. 2020). However, in that case, the Court subsequently entered a deficiency order in which it explained, among other things, that Anderson had neither paid the applicable filing and administrative fees nor properly moved for leave to proceed *in forma pauperis*. *See id.* at R. 6. The Court directed Anderson to complete one of those steps within 30 days from the entry of its order and warned that if he did not do so "the case will be dismissed without prejudice for failure to prosecute." *Id.* at R. 6 at 7. Nevertheless, Anderson did not cure the deficiency within the time allotted, and, thus, on March 9, 2020, the Court dismissed his complaint without prejudice. *See id.* at R. 8. And while Anderson filed a second action shortly thereafter, the Court promptly dismissed that case as well because he still had not complied with the Court's prior fee-related orders. *See Anderson v. Federal Bureau of Prisons*, No. 5:20-cv-118-DLB, at Rs. 1, 4 (E.D. Ky. 2020).

While Anderson does not dispute this procedural history, he seems to suggest that his prior complaints should suspend the applicable limitations period. The United States Court of Appeals for the Sixth Circuit, however, has "consistently held . . . that a dismissal of a suit without prejudice usually does not toll the statute of limitations . . . ." *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009) (citations omitted). Instead, this Court's previous, without-prejudice dismissals left "the situation the same as if" Anderson's suits "had never been brought." *Id.* (quotation omitted). As a result, when Anderson filed this present action, it was simply untimely.

Finally, Anderson has not demonstrated that he should benefit from equitable tolling. It is true that a court may equitably toll the statute of limitations in a FTCA case, *see United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015), and the Sixth Circuit has explained that the court should consider several factors in deciding whether to do so. *See Zappone v. United States*,

870 F.3d 551, 556 (6th Cir. 2017).  Those factors include:  "(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* (citation and quotation marks omitted).

On balance, these factors do not weigh in Anderson's favor.  For starters, there is no indication that Anderson lacked notice of how or when he was supposed to file his lawsuit.  Furthermore, Anderson's failure to cure prior deficiencies—and, thus, the Court's without-prejudice dismissals—demonstrate that he was not diligent in pursuing his rights.  The United States would also necessarily suffer some prejudice if Anderson could proceed on his otherwise untimely FTCA claim.  And, finally, there is no indication that Anderson was unaware of a particular legal requirement in his case.  Instead, Anderson suggests that his failure to comply with the Court's deficiency Order in his first case was due to a "miscommunication" between himself and a relative over the filing fee, as well as his "lack of knowledge and inexperience in court filings."  [R. 27 at 2.]  These alleged circumstances, however, simply do not justify tolling the limitations period in Anderson's case.[1]

In light of the foregoing analysis, it is **ORDERED** as follows:

1. The United States' motion to substitute [**R. 22**] is **GRANTED**.  As a result, the Clerk's Office is directed to dismiss Dr. Adams and Nurse Young as defendants from this action and substitute the United States as a defendant in their place.

---

[1] At one point, Anderson also blames the COVID-19 pandemic for "making it harder for me to ask for help [when] I made mistakes when filing." [R. 27 at 2.]  But Anderson does not explain, in any clear way, how the pandemic impacted his ability to satisfy his fee-related obligations in January, February, or even March of 2020, before his first civil action regarding this matter was dismissed.

4

2. That said, the United States' motion to dismiss [**R. 15**] is also **GRANTED**. Therefore, Anderson's FTCA claim against the United States is **DISMISSED** with prejudice.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 9th day of March, 2021.

Gregory F. Van Tatenhove
United States District Judge